UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KERSTEN NICOLE EVANS,

    Defendant.

_____/

Case No. 19-20272

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S REQUEST FOR
RECONSIDERATION OF HER SENTENCE [49]**

On November 13, 2019, Defendant pleaded guilty to one count of the use of interstate commerce facilities in the commission of murder-for-hire in violation of 18 U.S.C. § 1958(a). (Dkt. 39.) On March 2, 2020, the Court sentenced Defendant to a term of 48 months of imprisonment and entered judgment in this case.[1] (Dkt. 45.) The matter is currently before the Court on Defendant's request for reconsideration of her sentence. (Dkt. 49.) More specifically, Defendant urges the Court to give her "a split sentence or home supervision" so that she can be with her son.

As a preliminary matter, the Court notes that the Bureau of Prisons has plenary control over "'the place of the prisoner's imprisonment.'" *See Tapia v. United States*, 564 U.S. 319, 331 (2011) (quoting 18 U.S.C. § 3621(b)). And while the Court may resentence a defendant under certain circumstances, the Court's authority to do so "is

---

[1] A guideline sentence in this case would have been 120 months of imprisonment, but upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court found that a sentence below the guidelines range was warranted in this case. (*See* dkt. 46.)

1

limited by statute." *See United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008) (citation omitted). Under 18 U.S.C. § 3582(c)(1), a "court may not modify a term of imprisonment once it has been imposed except that," in relevant part, "(A) the court . . . may reduce the term of imprisonment . . . if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . ."

Here, Defendant does not point to any extraordinary and compelling reasons that would warrant a reduction of the sentence in this case. Defendant's concerns regarding her son were brought to the Court's attention during her sentencing, (*see* dkt. 46), and nothing has changed in that regard. And while Defendant notes that some of the programs she could have otherwise taken advantage of in prison have been put on hold due to the pandemic, it is the responsibility of the Bureau of Prisons to determine which programs (if any) a prisoner may participate in. *See Tapia*, 564 U.S. at 330-31.

For the foregoing reasons, Defendant's request for reconsideration of her sentence is DENIED.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: July 2, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 2, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett  
Case Manager
